UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Bruce Partridge, | Case No. 22-cv-2104 (ECT/LIB) |
| Petitioner, | |
| v. | REPORT AND RECOMMENDATION |
| The State of Minnesota, et al., | |
| Respondents. | |

This matter comes before the undersigned United States Magistrate Judge, pursuant to a general assignment made in accordance with the provision of 28 U.S.C. § 636, upon the routine supervision of the matters that pend before the undersigned.

In an Order dated September 21, 2022, this Court ordered Petitioner Bruce Partridge to submit "an amended § 2254 petition, either on the provided template form or in a format substantially following the template's format." (See Order [Docket No. 9] at 2). Plaintiff was given until October 24, 2022, to submit his amended petition. (Id.). Plaintiff was forewarned that if he failed to comply with this Court's directive in the time permitted this action would be dismissed without prejudice for failure to prosecute. (See Id.) (citing Fed. R. Civ. P. 41(b)).

That deadline has now passed, and Plaintiff has not submitted an amended petition. Although Petitioner filed a letter, [Docket No. 10], direct to the Clerk of Court on November 7, 2022, his letter does nothing to address the deficiencies in Petitioner's initial pleading as outlined by the Court in its September 21, 2022, Order. [Docket No. 9]. Accordingly, this Court now recommends, in accordance with its prior Order, that this action be dismissed without prejudice under Rule 41(b) for failure to prosecute. See, e.g., Henderson v. Renaissance Grand Hotel, 267 F. App'x 496, 497 (8th Cir. 2008) (per curiam) ("A district court has discretion to dismiss an action

under Rule 41(b) for a plaintiff's failure to prosecute, or to comply with the Federal Rules of Civil Procedure or any court order.").[1]

Petitioner also filed an Application to Proceed in District Court Without Prepaying Fees or Costs. [Docket No. 6]. The present recommendation of dismissal renders moot Petitioner's Application to Proceed in District Court Without Prepaying Fees or Costs. [Docket No. 6]. The undersigned therefore further recommends that Petitioner's Application to Proceed in District Court Without Prepaying Fees or Costs, [Docket No. 6], be denied as moot.

Therefore, based upon the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT**:

1. This action be **DISMISSED without prejudice** under Federal Rule of Civil Procedure 41(b) for failure to prosecute; and

2. Petitioner's Application to Proceed in District Court Without Prepaying Fees or Costs, [Docket No. 6], be **DENIED as moot**.

Dated: November 29, 2022                    s/Leo I. Brisbois
                                            Hon. Leo I. Brisbois
                                            United States Magistrate Judge

---

[1] Additionally, the Court notes that although Petitioner has filed a number of documents with this Court, he has failed to provide the Court with his current address or contact information. "It is the [Petitioner's] obligation to prosecute his case and to keep the Court informed at all times of his then current address and contact information." Heiderscheid v. Dakota Cnty. Sheriff Off., No. 18-cv-1180 (JNE/LIB), 2020 WL 5128147, at *6 (D. Minn. July 22, 2020), report and recommendation adopted 2020 WL 5106816 (D. Minn. Aug. 31, 2020), aff'd, 848 F. App'x 678 (8th Cir. 2021). Petitioner's failure to provide the Court with his current contact information so that he may receive correspondence from this Court represents a sufficient, independent basis upon which to recommend the dismissal of the present action. See, e.g., Aery v. Nohre, No. 20-cv-1958 (PJS/LIB), 2021 WL 3410336, at *2 (D. Minn. July 6, 2021) (collecting cases), report and recommendation adopted, 2021 WL 3409328 (D. Minn. Aug. 4, 2021).

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. See Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).